**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ANTHONY KENNEDY,**

**Plaintiff,**

**v.**

**JAMES FORSHEY, *et al.*,**

**Defendants.**

**Case Number 2:25-cv-1436**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Stephanie K. Bowman**

**ORDER**

This matter is before the Court on the Report and Recommendations issued by the Magistrate Judge on May 13, 2026. (ECF No. 6.) After reviewing Plaintiff Anthony Kennedy's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge concluded that part of this case may proceed and made recommendations related to dismissing certain claims. (*Id.* PageID 71.)

Plaintiff, an Ohio inmate proceeding *pro se* and *in forma pauperis*, filed this civil rights action against Defendants James Forshey (Noble Correctional Institution ("NCI") Warden); Ms. Cobb (NCI Mental Health Liaison); NCI Officer C. Aufdenkampe (Rules Infraction Board ("RIB") Charging Officer); NCI Officer J. Harper (RIB Chairman); NCI Officer C. Chapman (RIB Officer); and NCI Officer John Doe or Dow (TPU Officer)..[1] (ECF Nos. 3, 4.)

Plaintiff alleges that Defendant Cobb exposed sensitive information about their therapy sessions to NCI staff and Plaintiff was sent to TPU pending investigation for a comment he made during therapy. (ECF No. 4, PageID 32.) Plaintiff also alleges that the RIB found him guilty of a

[1] Plaintiff does not define TPU. The Magistrate Judge notes TPU is restrictive confinement. (ECF No. 6, PageID 57.)

faulty conduct report, his security level was increased without a mandatory security review being conducted, and a TPU Officer improperly disposed of Plaintiff's appeal of the RIB decision. (*Id.*) Plaintiff says he was then sent to Warren Correctional Institution, which is a higher security prison where he has been assaulted, extorted, and raped. (*Id.* PageID 33.) Finally, Plaintiff alleges that the faulty conduct report deprived him of access to meaningful programs and will adversely impact his clemency and parole applications. (*Id.*)

After conducting an initial screen, the Magistrate Judge concluded that Plaintiff's Fourteenth Amendment privacy claim against Defendant Cobb may proceed. (ECF No. 6, PageID 60–61.) The Magistrate Judge also allowed Plaintiff the opportunity to amend his Complaint with respect to certain claims.[2] (*Id.* PageID 62–63.)

In addition, the Magistrate Judge recommended that the Court determine at a later stage in the proceedings whether to exercise supplemental jurisdiction over Plaintiff's state-law defamation and slander claims. (*Id.* PageID 63.) The Magistrate Judge also recommended that the Court dismiss with prejudice Plaintiff's claims against Defendants in their official capacities for monetary damages based on Eleventh Amendment immunity. (*Id.* PageID 63–64.) Finally, the Magistrate Judge recommended that the Court dismiss without prejudice all other remaining claims for failure to state a claim upon which relief can be granted. (*Id.* PageID 65–71.)

[2] The Magistrate Judge recommends that Plaintiff be allowed to amend his Complaint. The Court construes the Magistrate Judge's directions about amending the Complaint as an order, rather than a recommendation. The Magistrate Judge has the authority to allow amendments to complaints, and Plaintiff has since filed an Amended Complaint in light of the Magistrate Judge's Report and Recommendations. *See* 28 U.S.C. § 636(b)(1)(A); S.D. Ohio Amended Columbus General Order 22-01; (ECF No. 8).

Once a magistrate judge issues a report and recommendation, the relevant statute provides:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). The failure to file written objections to a magistrate judge's report and recommendation forfeits a *de novo* determination by the district court of issues addressed in the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

Plaintiff was advised of his right to object to the Report and Recommendations (ECF No. 6, PageID 72–73), but did not file an objection. The Court **ADOPTS** and **AFFIRMS** (ECF No. 6) the Magistrate Judge's Report and Recommendations. The Court will consider at a later date whether to exercise supplemental jurisdiction over Plaintiff's state-law claims of defamation and slander. The Court **DISMISSES with prejudice** all claims against Defendants in their official capacities for monetary damages. The Court **DISMISSES without prejudice** all other remaining claims.

Earlier in this litigation, Plaintiff filed a Motion to Proceed with 1983 Civil Suit. (ECF No. 2.) The Magistrate Judge's Report and Recommendations denied that Motion as moot. (ECF No. 6, PageID 53.) As such, the Clerk is **DIRECTED** to take down the gavel at ECF No. 2.

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **8/3/2026** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |