**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| **ANTHONY KENNEDY,** | : | **Case No. 2:25-cv-1436** |
| **Plaintiff,** | : | |
| **vs.** | : | **District Judge Edmund A. Sargus, Jr.** |
| **JAMES FORSHEY, *et al.*,** | : | **Chief Magistrate Judge Stephanie K. Bowman** |
| **Defendants.** | : | |

## ORDER and REPORT AND RECOMMENDATIONS

Plaintiff, a prisoner at the London Correctional Institution ("LoCI")[1], filed a *pro se* civil rights complaint challenging actions by Defendants stemming from Plaintiff's incarceration at Noble Correctional Institution ("NCI") that subsequently led to Plaintiff's transfer to Warren Correctional Institution ("WCI"). (Doc. 4). On May 13, 2026, the undersigned Magistrate Judge issued a Report and Recommendations concluding that Plaintiff be permitted to proceed with his due process privacy claim against Defendant Cobb and that Plaintiff be permitted to amend his claims alleging constitutional violations regarding the challenged conduct report and ensuing Rules Infraction Board ("RIB")

[1] According to a Notice filed by Plaintiff on May 19, 2026, he has been moved from the Warren Correctional Institution to the London Correctional Institution. (Doc. 7).

proceedings. (Doc. 6). Plaintiff filed his Amended Complaint on July 24, 2026, (Doc. 8)[2], and a supplement to his Amended Complaint on September 17, 2026, (Doc. 10).

This matter is before the Court for a *sua sponte* review of the Amended Complaint, as supplemented, to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.C.S. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court is Plaintiff's motion to supplement his Amended Complaint. (Doc. 10). For the following reasons, the Undersigned **GRANTS** Plaintiff's Motion to Supplement his Complaint (Doc. 10) and **RECOMMENDS** that Plaintiff's due process claim against the John Doe TPU Officer (identity unknown) and Plaintiff's due process claims against Defendants Aufdenkampe, Harper, Chapman be **dismissed** for failure to state a claim.

## I. LEGAL STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or *repetitive* lawsuits.'" *Id*. at 31

[2] Plaintiff states that he mailed his Amended Complaint on June 8, 2026, but that it was returned to him on July 20, 2026, due to an insufficient address. (Doc. 8, at 78).

(quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in relevant part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> ***
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C §§ 1915A and 1915(e)(2)(B)(ii). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands of the authors of

complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations' … [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ALLEGATIONS IN INITIAL COMPLAINT

In his initial Complaint, Plaintiff stated that, while he was incarcerated at NCI, he attended therapy sessions with Defendant Mental Health liaison Ms. Cobb twice a week for a period of six months because he was experiencing depression. On July 12, 2024, according to Plaintiff, Ms. Cobb revealed sensitive, confidential information about Plaintiff's crimes learned during those therapy sessions to NCI staff in violation of Plaintiff's right to confidentiality and privacy, as well as the national H.I.P.P.A. law. (Doc. 4, at 32). Plaintiff was interrogated by the unit manager and deputy warden (who are not named as Defendants), during which sensitive information about his criminal case not publicly known was referenced, and after which Plaintiff was sent to TPU (restrictive confinement) pending investigation of the sensitive statements he had made during his therapy sessions.

On July 17, 2024, the NCI Rules Infraction Board ("RIB") found Plaintiff guilty of Conduct Report NCI-24-003733, which Plaintiff contended "was a faulty report because the offense did not coincide with actual events." Plaintiff asked Defendants Aufdenkampe, Harper, and Chapman if they knew the definition of "stalking." Defendant Aufdenkampe is the RIB charging officer; Defendant Harper is the RIB chairman; and Defendant Chapman is the RIB second officer. When they answered that they did not, Plaintiff asked them how they could find him guilty of "stalking" if they did not know the definition of "stalking." (*Id.*). Plaintiff stated that the RIB recommended a Security Classification Review to increase Plaintiff's security level. He further stated that although

the security review's mandatory appeal was never conducted, his security level was still increased. He contended that this was defamation of his character, slander, a violation of his right to due process, and a denial of his right to access to the courts.

Next, Plaintiff stated that the John Doe TPU Officer disposed of and/or never filed Plaintiff's appeal of the RIB's July 17, 2024, verdict. Plaintiff contended that this was another violation of his due process rights and a denial of his access to the courts through the mishandling Plaintiff's legal mail (his appeal).

Plaintiff stated that he was transferred "to a very dangerous, higher security level 3 prison," WCI, where he was assaulted, extorted, and raped. He further stated that the faulty conduct report prevented him from getting into meaningful education, job, and other programs, and also will adversely affect his clemency and parole applications. (*Id*. at 32-33).

## III. AMENDED COMPLAINT AND ANALYSIS

The Undersigned concluded in a May 13, 2026, decision that Plaintiff's due process privacy claim against Defendant Cobb could proceed, but that Plaintiff needed to amend his due process claims alleging that Defendants Aufdenkampe, Harper, Chapman, and Doe TPU Officer were responsible for a faulty conduct report against him that was resolved without the benefit of a due process-compliant RIB hearing and appeal.

Generally, an allegation of a false conduct report standing alone does not state a claim under 1983. *See, e.g., Johnson v. Osborne*, No. 1:21-cv-3, 2021 WL 2077908, at *3 (S.D. Ohio Apr. 27, 2021) ("Erroneous or even fabricated allegations of misconduct by

an inmate, standing alone, do not constitute a deprivation of a constitutional right.") (citations omitted), *report and recommendation adopted*, 2021 WL 2093258 (S.D. Ohio May 24, 2021). And to the extent that false accusations of misconduct *do* raise due process concerns, such charges do not constitute a deprivation of constitutional rights *if* the charges subsequently are adjudicated in a *fair* hearing. *See, e.g., Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *4 (6th Cir. Apr. 23, 2019) (citing *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004)). It was on the "fair hearing" factor where the Undersigned determined that Plaintiff's allegations required elaboration.

The "minimum due process requirements for such a disciplinary hearing are: (1) written notice of the charges before the hearing, (2) an opportunity to call witnesses and present evidence, and (3) a written statement of the evidence relied upon and reason for the action taken." *Roundtree v. Dunlap*, No. 3:18-cv-1198, 2019 WL 3252912, at *5, n.7 (N.D. Ohio July 19, 2019) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). The Undersigned was without sufficient details to determine whether Plaintiff could satisfy these prerequisites to state a due process claim stemming from the alleged faulty conduct report and RIB process by which it was adjudicated.

In his Amended Complaint, Plaintiff begins with the Conduct Report in question and the RIB finding of guilt on that report. He states: (1) that the Conduct Report in question charged him with making a statement about Ms. Buyers (that he found her pretty and that she gave him butterflies) that he denies making; (2) that any such statement would be insufficient to constitute stalking, which requires a *pattern of conduct*, as

defined by Ohio laws and regulations; and (3) that he committed no *act* sufficient to support a finding that he violated a rule of conduct. (Doc. 8, at 75). Plaintiff contends that "Ms. Buyers was concerned with her own safety only due to the details that Cobb told her about my criminal case." (*Id.*). From this, Plaintiff avers that Defendants Aufdenkampe, Harper, and Chapman used his alleged statement about Ms. Buyers, combined with previously unknown details about his crimes that Defendant Cobb shared from Plaintiff's counseling sessions, to aver a "security issue" about a danger Plaintiff posed to Ms. Buyers, even though Plaintiff "said over and over in the RIB hearing that Ms. Buyer[s] was never in any kind of danger." (*Id.*). Plaintiff contends that he was found guilty of the conduct report even though Aufdenkampe, Harper, and Chapman admitted that they did not know the definition of "stalking" and even though Plaintiff committed no "actual institutional conduct" sufficient to support a guilty verdict on the conduct report. (*Id.* at 76).

As for the RIB appeal process, Plaintiff asserts that he submitted the required RIB appeal form to TPU Officer John Doe (identity unknown) and that Plaintiff's cellmate witnessed Plaintiff do so. According to Plaintiff, the TPU Officer stated that he would deliver the appeal form to the Sargeant and proceeded to walk away. Plaintiff then asserts that "[a] reasonable mind can only conclude that TPU Officer John Doe disposed of my appeal because the H.I.P.P.A. violation could have got Cobb in a lot of trouble."

In his September 17, 2026, supplement, Plaintiff adds that the NCI Institution Inspector who reviewed Plaintiff's grievance complaining that he was never provided

with the audio recording of his RIB hearing is the *husband* of Defendant Ms. Cobb. Plaintiff contends that this newly-learned fact constitutes even more incentive for the John Doe TPU Officer to discard Plaintiff's appeal (and for Defendants Aufdenkampe, Harper, and Chapman to deny Plaintiff his due process rights) in order to protect the Institution Inspector's wife (Defendant Cobb) from getting into trouble for disclosing private information from Plaintiff's counsel sessions. (Doc. 10, at 85).

Based on the above allegations, the Undersigned understands Plaintiff to be raising, pursuant to 42 U.S.C. § 1983, due process claims against Defendants John Doe TPU Officer and against Aufdenkampe, Harper, and Chapman. The Undersigned previously concluded that Plaintiff's privacy due process claim against Defendant Cobb may proceed to further development, and recommended that the Court decide at a later time whether to exercise supplemental jurisdiction over Plaintiff's state law claims of defamation and slander. As a reminder, the Undersigned expresses no opinion about the merits of Plaintiff's claims against Defendant Cobb or whether there may be defenses or procedural bars that will prevent Plaintiff from ultimately obtaining relief.

However, as explained below, the Undersigned **RECOMMENDS** that Plaintiff's due process claim against John Doe TPU Officer and Plaintiff's due process claims against Defendants Aufdenkampe, Harper, and Chapman **be DISMISSED without prejudice** for the failure to state a claim.

**A. Defendant Officer John Doe**

As set forth above, according to the Plaintiff, the Officer Doe stated that he would

deliver the appeal form to the Sargeant. Plaintiff then surmises, presumably because he did not get a ruling on his appeal, that Officer Doe must have disposed of the appeal to protect Cobb. This is pure speculation. There are no allegations that Plaintiff saw Officer Doe dispose of the appeal or that anyone informed him that Office Doe disposed of his appeal. Speculation cannot state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim requires more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, even if Officer Doe did dispose of the appeal, "Plaintiff does not have an inherent constitutional right to appeal his disciplinary conviction." *Boles v. Weist*, 849 F.2d 608 (6th Cir. 1988). *See also McCain v. Jackson*, No. 1:19-cv-234, 2019 U.S. Dist. LEXIS 209075, 2019 WL 7900082, at *4 (S.D. Ohio Aug. 5, 2019); *Thongjeng v. Unknown Wade*, No. 1:25-cv-660, 2025 U.S. Dist. LEXIS 155266, at *21 (W.D. Mich. Aug. 12, 2025)(A prisoner "simply has no due process right to an appeal of a disciplinary conviction." citing *Christian v. Gluch*, No. 90-1348, 1990 U.S. App. LEXIS 20454, 1990 WL 180913, at *1 (6th Cir. Nov. 20, 1990). *See also, Lowe v. Sockey*, 36 F. App'x 353, 360 (10th Cir. 2002) ("[T]he Supreme Court has already determined that there simply exists no due process right to such an appeal.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-66, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Because Plaintiff's allegations are insufficient to state a due process claim, the Undersigned **RECOMMENDS** that Plaintiff's claims against Defendant John Doe be **DISMISSED without prejudice** for failure to state a claim.

### B. Defendants Aufdenkampe, Harper, and Chapman

Plaintiff's allegations against Aufdenkampe, Harper, and Chapman target their roles in the promulgation of an allegedly faulty conduct report and in the handling of the RIB hearing at which Plaintiff was found guilty of the conduct report. As noted above, an allegation of a false conduct report standing alone generally does not state a claim under 1983. *See, e.g., Johnson v. Osborne*, 2021 WL 2077908, at *3. For false accusations of misconduct to raise due process concerns, Plaintiff must demonstrate that he did not receive due process in the adjudication of the charges. *See, e.g., Brown v. McCullick*, 2019 WL 5436159, at *4. Plaintiff makes no such allegations.

Plaintiff denies the allegations in the conduct report and challenges the verdict finding him guilty of the conduct report. But he raises no allegations to support an inference that he did not receive notice of the charges against him, that he was denied the opportunity to present evidence and arguments at the RIB hearing, or that he did not receive a written statement explaining the evidence against him and reasons for the decision reached. *Roundtree v. Dunlap*, 2019 WL 3252912, at *5, n.7. In other words, he makes no allegations that the RIB hearing failed to meet the minimum due process requirements. *See King v. Wilkinson*, No. 2:04-cv-116, 2005 WL 3535154, at *5 (S.D. Ohio Dec. 23, 2005) ("even if one were to assume that [the defendant] did issue false conduct reports, Plaintiffs have not established a constitutional violation unless the hearing before the RIB failed to meet the minimum requirements of due process," which includes, for inmates, "advance notice of the charges and if found guilty, a written

statement of the evidence relied upon."). Plaintiff merely disagrees with the issuance of the conduct report and the verdict reached, and states in conclusory fashion that Defendants denied him his due process rights. (Doc. 10, at 85). Because that is insufficient to state a due process claim, the Undersigned **RECOMMENDS** that Plaintiff's claims against Defendants Aufdenkampe, Harper, and Chapman be **DISMISSED without prejudice** for failure to state a claim.

## IV. CONCLUSION AND SERVICE OF PROCESS

The Undersigned has screened the Amended Complaint (Doc. 8) and Supplement (Doc. 10) as required under 28 U.S.C. §§ 1915 and 1915A and **RECOMMENDS** that Plaintiff's due process claims against Defendants Doe, Aufdenkampe, Harper, and Chapman **be DISMISSED without prejudice** for failure to state a claim.

Having concluded that Plaintiff's due process claims against Defendant Cobb can proceed to further development, the next step in this case is for the Complaint and Summons to be served on Defendant Cobb. Plaintiff has provided a summons form and U.S. Marshal form for Defendant Cobb. (Doc. 5-1, at 42; Doc. 5-2, at 48). The United States Marshal Service is **DIRECTED** to serve a copy of the Summons, the Doc. 4 Complaint, the Doc. 7 Amended Complaint, the Doc. 10 Supplement, the Order granting Plaintiff *in forma pauperis* status, the Doc. 6 Report and Recommendations, and this Order and Report and Recommendations on Defendant Cobb, with costs of service to be advanced by the United States. Service of process shall proceed as directed above. Plaintiff is **ADVISED** that he must keep the Court informed of his current address and

promptly file a Notice of New Address if he is released or transferred.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's privacy due process claim against Defendant Ms. Cobb can proceed to further development.

2. The United States Marshal Service serve a copy of the Summons, the Doc. 4 Complaint, the Doc. 7 Amended Complaint, the Doc. 10 Supplement, the Order granting Plaintiff *in forma pauperis* status, the Doc. 6 Report and Recommendations, and this Order and Report and Recommendations on Defendant Ms. Cobb, with costs of service to be advanced by the United States.

3. Plaintiff's Motion to Supplement (Doc. 10) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's RIB appeal due process claim against John Doe and Plaintiff's claims against Officer Defendants Aufdenkampe, Harper, and Chapman **be DISMISSED without prejudice** for failure to state a claim.

2. The Court decide at a later date whether to exercise supplemental jurisdiction over Plaintiff's state law claims of defamation and slander against Ms. Cobb.

3. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons, an appeal of any Order adopting this Order and Report and Recommendations would not be taken in good faith, and therefore, deny Plaintiff leave

to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of these objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). *See also Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED AND RECOMMENDED.**

October 30, 2026

*s/Stephanie K. Bowman*
STEPHANIE K. BOWMAN
Chief United States Magistrate Judge